UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSE ORTIZ,

    Plaintiff,

v

ROBERT NELMS,

    Defendant.

Case No. _____

Hon. _____

## COMPLAINT

Plaintiff, Jose Ortiz ("Ortiz"), through his counsel Varnum LLP, hereby states as his Complaint against Defendant Robert Nelms ("Nelms") as follows:

### NATURE OF ACTION

1. This is a suit for breach of contract, intentional misrepresentation/fraud, common law conversion, statutory conversion, embezzlement, breach of fiduciary duty, fraud or deceit in the sale of security in violation of Section 10(B) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78J, and Rule 10B-5, 17 CFR § 240.10B-5, fraud or deceit in the sale of security in violation of the Uniform Securities Act, MCL § 421.2501, and sale of unregistered securities in violation of the Uniform Securities Act, MCL § 451.2301, resulting from Nelms' offer and sale of unregistered securities and theft of Ortiz's investment funds.

### PARTIES AND JURISDICTION

2. Plaintiff Jose Ortiz is an individual and a citizen of the State of Michigan.

3. Defendant Robert Nelms is an individual who, upon information and belief, is a citizen of the State of South Carolina.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

5. Subject matter jurisdiction exists in this Court because the parties are diverse and the matter in controversy exceeds $75,000. *See Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994); 28 U.S.C. § 1332(a); 28 U.S.C. § 1332(c)(1). The district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

6. This Court also has personal jurisdiction over Defendant Robert Nelms because a substantial portion of the wrongdoing alleged in this Complaint took place in the State of Michigan.

## **VENUE**

7. A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or in a judicial district in which a substantial part of the property that is the subject of the action is situated. 28 U.S.C. §1391(b).

8. A substantial part of the events or omissions giving rise to the claim occurred in the Western District of Michigan.

9. This case involves the theft of Ortiz's money located within the Western District of Michigan.

10. Furthermore, this case involves the offer and sale of unregistered securities within the Western District of Michigan.

11. Venue is appropriate in the Western District of Michigan.

## GENERAL ALLEGATIONS

12. Ortiz hereby incorporates by reference the allegations contained in the preceding paragraphs.

13. In 2015, Nelms, using the name "Ian" and posing as an investment advisor, came to Ortiz with an alleged investment opportunity.

14. At the time, both Nelms and Ortiz were living in Michigan.

15. Nelms offered and sold Ortiz investment contract securities in Michigan for MGMC, LP.  See Subscription Agreement, **Exhibit 1**; MGMC, LP Private Offering, **Exhibit 2**.

16. Subsequently, Nelms advised Ortiz to transfer his retirement savings into an IRA self-directed account with Advanta Trust, 13191 Starkey Rd. Suite 2 Largo, FL 33773.

17. Nelms explained that if Ortiz transferred his savings into the IRA self-directed account, Nelms could then control when and where to move the money around as Ortiz's investment manager.

18. Additionally, Nelms promised Ortiz a 17-percent return on his investment.

19. Based on Nelms' representations, Ortiz invested his retirement savings of over $235,000 with Nelms.

20. Subsequently, Ortiz grew concerned about Nelms' investment practices, as he had not received any statements regarding his accounts or reports on earnings or losses from Nelms.

21. When Ortiz confronted Nelms about the status of his investments, Nelms explained to Ortiz that he had allegedly invested the funds in forest land in Virginia.

22. Ortiz requested proof of such investment and Nelms assured him that he would be sending a written proposal prepared by an unnamed timber company shortly.

23. Nelms never provided such documentation.

24. Later, to his shock, Ortiz discovered that Nelms had absconded from Michigan with his funds.

25. Not only that, but Ortiz learned that Nelms had been serving as a so-called "investment advisor" under a false name and that he was a convicted criminal with an extensive history of theft and securities fraud.

26. Much of the information Nelms presented in the Subscription Agreement and the MGMC, LP Private Offering proved to be fabricated.

27. Nelms signed the Subscription Agreement using the name Ian, while his first name is in fact Robert. See **Exhibit** 1.

28. Furthermore, upon information and belief, Q-Consolidated, Inc. and/or Q-Consolidated, LLC, the purported General Partner of MGMC, LP, is a fictitious entity.

29. Nelms represented that this entity was incorporated in the State of Texas; however, no records exist for such entities.

30. Additionally, upon information and belief, H. D. Biddle, the purported Manager of Q-Consolidated, Inc. and/or Q-Consolidated, LLC, and signatory to the Subscription Agreement, is a fictional individual.

31. The investment contract securities were not registered and were not federally covered or exempt under the Michigan Uniform Securities Act (2002), 2008 PA 551, as amended, MCL 451.2101 *et seq.* ("Securities Act").

32. Nelms failed to state that he had a criminal history involving several felony convictions, a fact that a reasonable investor would consider to be an important fact when making an investment decision.

33. Nelms failed to state that he was not registered in any capacity under the Securities Act in Michigan.

34. Nelms omitted to state these material facts necessary to make other statements not misleading in connection with the offer or sale of securities.

35. Nelms mishandled Ortiz's funds, illegally taking those funds to an account for his personal use and business expenses.

36. Nelms' above-described misconduct has further resulted in IRS penalties and interest against Ortiz.

## COUNT I: BREACH OF CONTRACT

37. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

38. The parties entered into a valid, enforceable contract pursuant to which Nelms would manage and invest Ortiz's funds.

39. Nelms promised to provide at least a 17-percent return on investment.

40. Ortiz engaged Nelms and transferred his savings into an IRA self-directed account, as directed by Nelms.

41. Nelms failed to manage the investment and failed to provide any accounting for the investment funds.

42. Nelms' conduct as alleged herein constitutes breach of the parties' agreement.

43. Ortiz has suffered actual damages as a result of Nelms' breaches of the parties' agreement.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be

entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

## COUNT II: INTENTIONAL MISREPRESENTATION/FRAUD

44. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

45. Nelms made multiple material misrepresentations to Ortiz as described in detail, *supra*.

46. Nelms' representations were material and caused Ortiz to invest considerable time and money in reliance of those representations.

47. Nelms' representations were false and Nelms knew of their falsity.

48. Nelms made these representations with the intention that Ortiz would act upon them.

49. Ortiz relied on the representations of Nelms and would not have invested his money with Nelms otherwise.

50. Ortiz suffered actual damages from the false representations.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

## COUNT III: COMMON LAW CONVERSION

51. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

52. As alleged in the preceding paragraphs, Nelms unlawfully and improperly converted Ortiz's property for his own use.

53. Nelms did not have authority from Ortiz to convert his property.

54. As a direct and proximate result of Nelms' conversation of his property, Ortiz has been damaged.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

## COUNT IV: STATUTORY CONVERSION

55. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

56. As alleged in the preceding paragraphs, Nelms unlawfully and improperly converted Ortiz's property for his own use.

57. Nelms did not have authority from Ortiz to convert his property.

58. As a direct and proximate result of Nelms' conversion of his property, Ortiz has been damaged.

59. Nelms is liable for statutory conversion.

60. Therefore, Ortiz seeks treble damages for the property Nelms unlawfully diverted to his own use pursuant to MCL § 600.2919a.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be

entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

### COUNT V: EMBEZZLEMENT

61. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

62. Nelms stole and embezzled money when he diverted Ortiz' retirement savings to himself in violation of his obligation to management Ortiz's investments.

63. Nelms' actions have damaged Ortiz by depriving him of his retirement savings and to its investment profits, as well as saddling him with IRS penalties and interest.

64. Nelms' is liable for statutory embezzlement.

65. Therefore, Ortiz seeks treble damages for the property Nelms unlawfully diverted to his own use pursuant to MCL § 600.2919a.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

### COUNT VI: BREACH OF FIDUCIARY DUTY

66. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

67. As Ortiz's purported investment advisor and manager, Nelms owed Ortiz numerous fiduciary duties, including but not limited to the duties of candor and loyalty.

68. In transferring and/or stealing Ortiz' investment funds for his personal financial gain, Nelms breached his fiduciary duties.

69. Additionally, in concealing that he had a criminal history involving several felony convictions and in employing a false name, Nelms breached his fiduciary duties.

70. As a direct result of Nelms' breaches, Ortiz has been damaged.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

### COUNT VII: FRAUD OR DECEIT IN SALE OF SECURITY IN VIOLATION OF SECTION 10(B) OF THE SECURITIES AND EXCHANGE ACT OF 1934, 15 U.S.C. § 78J, AND RULE 10B-5, 17 CFR § 240.10B-5

71. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

72. Nelms violated § 10(b) of the 1934 Act and Rule 10b-5 because in connection with the offer, sale, or purchase of a security he:

    (a) Employed devices, schemes, and artifices to defraud;
    (b) Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
    (c) Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon plaintiff in connection with its purchase of N2N securities.

73. Nelms disseminated the false statements specified above with knowledge of or reckless disregard for whether the statements were misleading by reason that such statements contained misrepresentations and/or failed to disclose material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

74. Nelms' false and misleading statements were made in connection with the sale of a security.

75. Nelms' false and misleading statements were made with respect to material facts concerning the securities.

76. Nelms' actions in this regard were done with scienter and an intention to mislead Ortiz.

77. Ortiz relied upon Nelms' false and misleading representations, in that Ortiz would not have purchased the securities, if Nelms had not made false and misleading statements regarding material facts concerning the securities.

78. As a direct and proximate result of Nelms' wrongful conduct, Ortiz suffered damages in connection with his purchases of securities by paying more than he would have paid absent Nelms' false and misleading statements.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

## COUNT VIII: FRAUD OR DECEIT IN SALE OF SECURITY IN VIOLATION OF THE UNIFORM SECURITIES ACT, MCL 421.2501

79. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

80. Nelms violated § 501 of the Securities Act, MCL 451.2051, because in connection with the offer, sale, or purchase of a security he:

   (a) Employed devices, schemes, or artifices to defraud.
   (b) Made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.
   (c) Engaged in an act, practice, or course of business that operated as a fraud or deceit on another person.

81. Nelms disseminated the false statements specified above with knowledge of or reckless disregard for whether the statements were misleading by reason that such statements contained misrepresentations and/or failed to disclose material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

82. Nelms' false and misleading statements were made in connection with the sale of a security.

83. Nelms' false and misleading statements were made with respect to material facts concerning the securities.

84. Nelms' actions in this regard were done with scienter and an intention to mislead Ortiz.

85. Ortiz relied upon Nelms' false and misleading representations, in that Ortiz would not have purchased the securities, if Nelms had not made false and misleading statements regarding material facts concerning the securities.

86. As a direct and proximate result of Nelms' wrongful conduct, Ortiz suffered damages in connection with his purchases the securities by paying more than he would have paid absent Nelms' false and misleading statements.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

## COUNT IX: SALE OF UNREGISTERED SECURITIES IN VIOLATION OF THE UNIFORM SECURITIES ACT, MCL 451.2301

87. Ortiz realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

88. The investments sold to Ortiz, as described above, constitute securities under the Securities Act.

89. The securities sold to Ortiz were not registered as required by MCL 451.2031, nor were they exempt from registration.

90. The sale of the investments to Ortiz constitute a sale of securities in violation of MCL 451.2301.

91. As a result of Nelms' sale of securities to Ortiz without registration, Ortiz has suffered damages.

WHEREFORE, Plaintiff Ortiz respectfully requests this Honorable Court enter Judgment in his favor and against Defendant Nelms in whatever amount this Court determines him to be entitled, together with interest, costs and attorneys' fees, and any further relief this Court finds just and equitable.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendants

Dated: June 11, 2021       By:   */s/ Herman D. Hofman*
                                  Jon M. Bylsma (P48790)
                                  Herman D. Hofman (P81297)
                                Business Address:
                                  333 Bridge Street, N.W., Suite 1700
                                  P.O. Box 352
                                  Grand Rapids, MI 49501-0352
                                  (616) 336-6000
                                  jmbylsma@varnumlaw.com
                                  hdhofman@varnumlaw.com

17948461.1